**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MICHAEL L. DOUGLAS**                                                                                                **PETITIONER**
**ADC #82929**

v.                             **CASE NO.: 5:09CV00380-SWW-BD**

**RAY HOBBS, Interim Director,**
**Arkansas Department of Correction**                                                                **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.       Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      Mail your objections and "Statement of Necessity" to:
           Clerk, United States District Court
           Eastern District of Arkansas
           600 West Capitol Avenue, Suite A149
           Little Rock, AR 72201-3325

## II.     Introduction:

Michael L. Douglas, an inmate in the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2), challenging his conviction and sentence in the Drew County Circuit Court.  Respondent filed a response (#29), to which Petitioner replied (#32).  For the following reasons, the Court recommends that the District court DISMISS the petition with prejudice.

## III.    Background:

Petitioner is serving a 40-year aggregate prison sentence for multiple drug related convictions.  The sentence was the result of guilty pleas entered on March 19, 2007, that Petitioner is now challenging.

On June 19, 2007, Petitioner filed an unverified petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  In the petition, Petitioner alleged that his defense counsel provided ineffective assistance by failing to adequately investigate the case before advising Petitioner to plead guilty.  Drew County Circuit Court Judge Robert Bynum Gibson, Jr., denied the petition on August 9, 2007.[1]

On April 14, 2008, Petitioner filed a pro se petition for writ of mandamus with the Supreme Court of Arkansas.  *Douglas v. Bynum*, No. CR 08-454, 2008 WL 2206804 (Ark. May 29, 2008).  Petitioner alleged that Judge Gibson failed to act on his post-conviction petition in a timely manner.  On May 29, 2008, the Supreme Court of

---

[1] Petitioner alleges he never received notice of the denial of his Rule 37 post-conviction petition.

Arkansas denied the petition for writ as moot, after Judge Gibson's response showed that he entered an Order denying the petition on August 9, 2007. *Id*.

On May 8, 2009, Petitioner filed a motion for belated appeal with the Supreme Court of Arkansas. *Douglas v. State*, 2009 Ark. 468, 2009 WL 3162257 (Ark. dismissed Oct. 1, 2009). In this motion, Petitioner sought to file a belated appeal from denial of his post-conviction petition on August 9, 2007. The Court noted that under Rule 2(e) of the Arkansas Rules of Appellate Procedure-Criminal, "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief[.]" *Id*. The Supreme Court of Arkansas found that Petitioner had until February 9, 2009, to file a motion for belated appeal. Because Petitioner did not file his motion until May 8, 2009, the Court dismissed the motion as untimely.

Petitioner filed the immediate petition on December 8, 2009, by placing it in the prison mailing system.[2] In response to the petition, Respondent states that Petitioner's claims are time-barred and procedurally defaulted (#29). In reply, Petitioner claims that

---

[2] Petitioner filed his petition on December 11, 2009. The record shows that Petitioner placed the petition in the prison mailing system on December 8, 2009 (#2, p. 16). Accordingly, for statute of limitations purposes, the file date is December 8, 2009. See *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) ("a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"), overruled on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).

he did not receive notice of the denial of his post-conviction petition. He argues he was entitled to a belated appeal, which the Supreme Court of Arkansas denied (#32).

## IV.   Discussion:

A.   *The Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner pled guilty to the charges that led to his sentence, so he could not file for direct review of his conviction. See ARK. R. APP. P. CRIM. 1(a). Consequently, the statute of limitations began to run on March 19, 2007, when the judgment and commitment order was entered. Petitioner did not file this habeas petition until December 8, 2009. Accordingly, Petitioner's claims are barred by the one-year statute of limitations unless the statute of limitations can be tolled.

   1.   *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A properly filed Rule 37 post-conviction petition triggers

28 U.S.C. § 2244(d)(2)'s tolling provision. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). The limitation period remains tolled while the petition is pending. The post-conviction petition is "pending" from the date of filing until "final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).

In this case, Petitioner's conviction was final on March 19, 2007. At that time, the limitation period began to run. The limitation period ran from March 19, 2007, until at least June 19, 2007, when Petitioner filed a Rule 37 petition for post-conviction relief in the Drew County Circuit Court. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). Assuming the limitations period was tolled on June 19, 2007, this time span accounts for 91 days of the one-year statute of limitations period.

It appears, however, that Petitioner's Rule 37 post-conviction petition did not effectively toll the statute of limitations. Only a "properly filed" post-conviction petition tolls the limitations period. To qualify as a "properly filed" post-conviction petition, the petition must comply with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.ct. 361, 364 (2000). It appears Petitioner's Rule 37 post-conviction petition was not "properly filed," because Petitioner failed to verify it. See

*Walker*, 436 F.3d at 1031-1032 (unverified post-conviction petition is not a "properly filed" petition). Even if this period is tolled, however, the pending petition is still time-barred.

The Drew County Circuit Court denied the Rule 37 post-conviction petition on August 9, 2007. Petitioner failed to file a timely notice of appeal. He eventually filed an untimely motion for belated appeal. Arguably, the limitation period remained tolled during the time between denial of the post-conviction petition and the deadline for filing the motion for belated appeal. *Wright v. Norris*, 299 F.3d 926 (8th Cir. 2002); but see *Evans v. Chavis*, 546 U.S. 189, 191-192, 126 S.Ct. 846, 849 (2006) (petition is "pending" between lower court's adverse determination and the filing of a notice of appeal, provided that the filing of the notice of appeal is timely). The limitation period began again, at the latest, on February 9, 2009, the end of the 18-month period to file for belated appeal. See *Wright*, 299 F.3d at 928 (untimely motion for belated appeal does not toll AEDPA statute of limitations, and the time begins to run, at the latest, at the end of the 18-month period for filing the motion).

Petitioner did not file the pending federal petition until December 8, 2009. The time between February 9, 2009, and December 8, 2009, accounts for 301 days of the one-year statute of limitations. When this time is added to the 91 days that ran between the date Petitioner's conviction became final and the date he filed his Rule 37 post-conviction petition, the total elapsed time is at least 392 days. Giving Petitioner every possible

benefit regarding tolling, the petition is still untimely. Accordingly, Petitioner's claims are barred by the one-year statute of limitations unless he is entitled to equitable tolling.

    2.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Petitioner is not entitled to equitable tolling. Assuming, as he alleges, that he did not receive timely notice of the denial of his Rule 37 petition, Petitioner was made aware of the dismissal on May 29, 2008, when the Supreme Court of Arkansas dismissed his petition for writ of mandamus.[3] At that time, Petitioner still had nine months in which to file a timely motion for belated appeal. Petitioner waited until May 8, 2009, to file his

---

[3] Petitioner admits he received Judge Gibson's response to his petition for writ of mandamus, which contained a copy of the Order of dismissal, before the Arkansas Supreme Court denied his petition for writ as moot (#3-2, p. 1-4 and #32, p. 3).

untimely motion for belated appeal. Petitioner cannot realistically claim that during this delay he was diligent in pursuing his rights. Furthermore, Petitioner could have protected himself by using the "stay and abeyance" procedure for federal habeas petitions. *Runyan v. Burt*, 521 F.3d 942, 946 fn4 (8th Cir. 2008). Petitioner's failure to do so may be the result of his pro se status or lack of legal knowledge, but neither of these reasons warrant equitable tolling. *Shoemate*, 390 F.3d at 598.

Petitioner has also failed to provide evidence of an extraordinary circumstance sufficient for this Court to equitably toll the statute of limitations. Accordingly, Petitioner is not entitled to equitable tolling and his federal petition is time-barred.

## V.    Conclusion:

Petitioner's federal petition is time-barred. Accordingly, this Court recommends that the District Court DENY and DISMISS Michael Douglas's Petition for Writ of Habeas Corpus (#2) with prejudice.

IT IS SO ORDERED this 6th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE